# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brian Daniels, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No.: 0:09-755-PMD |
| v. | ) | |
| | ) | |
| Anthony J. Padula, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

This matter is before the court upon Petitioner Brian Daniels' ("Petitioner") objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that the court dismiss Petitioner's § 2254 petition as being untimely. Having reviewed the entire record, including Petitioner's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner does not object to the background and procedural history set forth in the Magistrate Judge's R&R; therefore, the court adopts it for purposes of this order. Petitioner was indicted in January of 1998 in Barnwell County for murder and possession of a firearm or knife during the commission of or an attempt to commit a violent felony. He eventually pled guilty but mentally ill to the lesser included offense of voluntary manslaughter. Pursuant to its plea agreement, the State *nol prossed* the charge of possession of a firearm or knife during the commission of or attempt to commit a violent felony, and Petitioner was sentenced to 30 years of imprisonment. He did not file a direct appeal.

Petitioner filed a pro se application for post-conviction relief on August 13, 1999, and on October 5, 1999, then represented by counsel, he amended his application to assert nine grounds of ineffective assistance of counsel. After holding an evidentiary hearing, the PCR court denied his application with prejudice on January 18, 2001. Petitioner appealed the PCR court's decision, and the South Carolina Supreme Court denied his petition for a writ of certiorari. The remittitur was issued on February 22, 2002.

Next, Petitioner filed a second application for post-conviction relief on August 16, 2002 in the Court of Common Pleas for Barnwell County and entitled the document "Petition for Writ of Habeas Corpus." On January 9, 2003, the PCR court held an evidentiary hearing at which Petitioner testified and was represented by counsel. At the hearing, both the State and counsel for Petitioner agreed that his filing should be construed as a PCR application and the court made its ruling accordingly. On February 28, 2003, the PCR court denied and dismissed Petitioner's application, finding that it was successive to his prior PCR application. Petitioner did not appeal the PCR court's decision in this matter. Petitioner filed a third application for post-conviction relief on February 5, 2004 and an amended application on July 15, 2005, and the PCR court denied and dismissed the amended application on October 6, 2005, finding that the application was successive and time barred. Additionally, the PCR court found that Petitioner was not entitled to a belated review of the denial of his 2002 PCR application. Petitioner appealed the PCR court's ruling, and the South Carolina Court of Appeals denied his petition for a writ of certiorari. The remittitur was issued on September 26, 2007.

Next, Petitioner filed another "Petition for a Writ of Habeas Corpus" on June 15, 2004 in the Common Pleas for Barnwell County. In a conditional order of dismissal, the PCR court summarily

dismissed this petition on January 23, 2007. After Petitioner filed a motion to alter or amend the conditional order of dismissal, the PCR court issued a final order on April 17, 2007, in which it denied his petition. Petitioner did not appeal the court's decision. Petitioner filed yet another application for post-conviction relief on February 13, 2008, which the PCR court eventually dismissed on August 13, 2008. He appealed the PCR court's decision, and the South Carolina Supreme Court dismissed his appeal for failure to provide an explanation as to why the decision of the lower court was improper pursuant to Rule 227(c) of the South Carolina Appellate Court Rules. The remittitur was issued on December 19, 2008.

On March 24, 2009, Petitioner filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this court, but Respondent believes that Petitioner's petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). After reviewing the record, the Magistrate Judge agreed with Respondent and recommends that the court grant Respondent's motion for summary judgment. Petitioner's objections are now before the court.

## STANDARDS OF REVIEW

### I. Standard for Reviewing Magistrate Judge's R&R

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or

3

in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## II.     **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In applying this standard, the court is mindful that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

4

## ANALYSIS OF PETITIONER'S OBJECTIONS

In her R&R, the Magistrate Judge determined that Petitioner filed his § 2254 petitioner six and a half years after the expiration of the one-year limitations period provided for under 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(1)(A) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

This statute of limitations is tolled during the time state prisoners seek post-conviction relief in state court. § 2244(d)(2). To conclude that Petitioner was approximately six and a half years late in filing his petition, the Magistrate Judge recognized that Petitioner's conviction became final ten days after October 6, 1998, the date of his sentencing, because this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. Thus, his conviction became final on October 16, 1998, and the one-year statute of limitations applicable to § 2254 petitions began on run on October 17, 1998 and expired on October 18, 1999,[1] unless the period was tolled at any time because of a properly filed application for post-conviction relief in state court.

Petitioner filed his first application for post-conviction relief on August 13, 1999. At that point, 301 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of this PCR application, which ended on February 22, 2002, the date when the South Carolina Supreme Court issued the remittitur from its order denying Petitioner's petition for a writ of certiorari. From this date, Petitioner had 64 days

---

[1] October 16, 1999 was a Saturday; therefore, Petitioner had until the following Monday, October 18, to file this federal habeas petition. Fed. R. Civ. P. 6(a)(3) ("Include the last day of the period unless it is a Saturday, Sunday, legal holiday . . . . When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday . . . .").

remaining in the limitations period with which to file his federal habeas petition. In other words, he had until April 27, 2002 to file his federal habeas corpus petition. The next action Petitioner took was the filing of a second application for post-conviction relief on August 16, 2002 in the Court of Common Pleas for Barnwell County, which he entitled "Petition for Writ of Habeas Corpus,"and over the next couple of yeas, Petitioner continued to file numerous successive PCR applications. Because Petitioner did not file his § 2254 petition with this court until March 24, 2009, a point in time well after the statute of limitations expired on April 27, 2002, the Magistrate Judge found the filing untimely and recommends the court to dismiss the petition.

In his objections, Petitioner believes the court should find that the statute of limitations was equitably tolled due to his mental illness. Specifically, Petitioner believes that the statute should have been tolled for the five months he spent at Gilliam Psychiatric Hospital immediately following his sentencing, and for the time between the filing of his second application for post-conviction relief in state court, which was captioned "Petition for Writ of Habeas Corpus," and the filing of his current federal habeas petition. "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). "Accordingly, under our existing 'extraordinary circumstances' test, [Petitioner] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.* Circumstances will rarely warrant equitable tolling, and Petitioner carries the burden of showing that he is entitled to such relief. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Despite Petitioner's argument that his "mental illness prevented [him] from knowing when he needed to file a federal habeas petition," (Objections at 2), the court declines to find that the statute of limitations should have been tolled between the time Petitioner filed his second application for post-conviction relief until the filing of the federal habeas petition To be sure, Petitioner may have been mentally ill "at the time that he committed this particular offense," (1999 PCR App. 28:7–23; Docket entry 16-1), but nothing indicates he was incompetent during his post-conviction proceedings, as he filed numerous applications for post-conviction relief in state court after his conviction and sentence. Moreover, Petitioner was represented by counsel during the evidentiary hearings held for his first and second PCR applications, each of which could have informed him of the necessary steps to take in order to seek federal relief. Courts have held that unfamiliarity with the legal process, lack of representation, mistake of counsel, or illiteracy does not constitute grounds for equitable tolling. *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004), and with due diligence, the court believes petitioner could have filed his § 2254 petition in a timely manner despite his mental illness. To accept Petitioner's argument that the statute of limitations should be tolled because of his mental illness would require the court to find that the limitations period never began to run after his conviction, since he plead guilty but mentally ill.

Because the court does not equitably toll the statute of limitations beginning with the filing of Petitioner's second application for post-conviction relief, it need not decide whether or not Petitioner is entitled to an equitable tolling of the statute of limitations for the period in which he was admitted to Gilliam Psychiatric Hospital. Even if the court agreed with Petitioner on that point, the filing of his § 2254 with this court on March 24, 2009 would remain untimely. Therefore, the

court finds that Petitioner is not entitled to an equitable tolling of the statute of limitations.[2]

## CONCLUSION

Based on the foregoing, the court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** Petitioner's § 2254 petition for a writ of habeas corpus with prejudice. It is further **ORDERED** that a certificate of appealabiltiy is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 19, 2010**
**Charleston, SC**

---

[2]Because the court finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims.